The next case on the calendar for today is Prashad v. City of Hartford. Mr. Williams, would you wait just a minute until the courtroom is cleared so we can hear you and we won't be distracted? I think there's a class that's been attending. I don't know if it's a procedure or a torts class. Okay, I think we're okay. Thank you. If it pleases the court, I'm John Williams on behalf of Herman Prashad. I'd like to say at the outset that we are limiting ourselves in this appeal to just one issue. And the one issue we are pursuing on this appeal is the lack of jurisdiction on the district court. Why? What deprived the district court of jurisdiction? There was no claim by the plaintiff that his rights under federal law were violated. And you had 30 days to ask for a remand. And he was pro se during those entire 30 days. And after those 30 days, you became the lawyer and you still didn't ask for a remand. Well, I couldn't have asked for a remand because that was procedurally barred. And didn't your summary judgment opposition repeatedly cite to Title VII? It did, and that was erroneous. Just as it was erroneous when counsel for the defendant represented to the district court on removal that the plaintiff's action had . . . Why don't you make during the trial a series of arguments based on this being a Title VII case, and then when you lose that, come back to us and say, oh, by the way, it wasn't ever a Title VII case, although it was perfectly plausible for a district court . . . for a court to have read it that way in the interest of the plaintiff. But now that we've lost, we're telling you that that wasn't so. Well . . . It strikes me as absurd. Number one, it was not plausible for anybody to read it as being a Title VII case. Why not? Because there is nothing in the complaint or in the amended complaint that in any way references Title VII. You don't need to reference the law. You pleaded facts that satisfied Title VII. And with a pro se, that's just what we do all the time because we don't expect pro ses to know Title VII or Title Banana, Title This or Title That. They tell us what happened, and we say, gee, this fits in Title VII, so that's how we will read it favorably to you. And then when a lawyer comes on and says that isn't what we meant, we would expect that lawyer to tell us right away. You would, but the fact is that parties cannot stipulate the jurisdiction. No, but you told the court . . . you told the court you wanted it litigated under Title VII. No. You argued Title VII points with specific reference to Title VII. That was in response to the summary judgment motion that there were two or three references to Title VII. By you. Not by me, but my associate did it, and she was mistaken. But I submit that mistake is no worse than the mistake that was made by counsel for the defendant in explicitly representing to the court in a removal petition that this action had alleged violations of Title VII when, in fact, it did not. And, indeed, if you look at pages 703 and 704 of the joint appendix, you will see . . . What do you want us to do? Do you want us to spank your adversary from the appeal? I'm not asking anything. I'm not asking anything. What difference does it make that your adversary made a . . . I mean, assuming that you're right, and I don't think you are. But, even if you were right, what difference does it make that your adversary said something that she didn't have the right to do? The point is, your . . . the client . . . that the lawyer for your client, that's your associate, told the judge, yes, we're litigating this under Title VII. It was a mistake. Both sides made a mistake, but that doesn't give the court jurisdiction. And, if you look at pages 703 and 704 of the joint appendix, you will see that in the releases . . . Facts could allege a Title VII violation. And, if that is so, how does it deprive a court of jurisdiction when everybody is arguing Title VII to make a Title VII decision? Because, you now tell us, we really wanted to talk about Title XXV or something else. I've never heard an argument like that. I recognize that a right to sue letter from the EEOC is not a jurisdictional prerequisite. That's right. Litigating under Title VII. However, I do believe that filing a complaint with the EEOC is a jurisdictional prerequisite. And, as far as we can tell from the record here, none was ever filed. And, that's why I am really asking the court to take a look at 703 and 704. How did . . . How was there a right to sue letter from the EEOC without something being filed with the EEOC? Although Mr. Prashad made a reference to the EEOC saying this matter is being pursued in another form, it is not apparent from that, that it was a right to sue letter. And, if you look at the two letters from the CHRO, you will note that they reference only CHRO docket numbers. Whereas, the practice at the CHRO is if there's been cross-filing with the EEOC, they cite both docket numbers. None of that deprives us of jurisdiction because an EEOC letter is not necessary for jurisdiction. I recognize an EEOC letter is not necessary to jurisdiction. Oh, your brief did say the opposite. I'm sorry? Your brief said the opposite. No, it doesn't say that. Your brief gives us one of the reasons why there is no jurisdiction, is that there was no EEOC letter. That doesn't say that that was one of the reasons. I said that that is further evidence that there was no EEOC complaint filed. And, that's different from whether or not the EEOC issues a right to sue letter. There was, so far as I can see, no EEOC complaint ever filed. Remember, this suit was not about wrongful termination. As counsel for the defendant herself points out at page 802 of the joint appendix, all that Mr. Prashad complained about was harassment during the course of his final years as a faculty member. Indeed, the complaint and the amended complaint specifically say, at the time I'm filing this lawsuit, there is now pending a termination action. So this case isn't about wrongful termination. It's about harassment on the job, and that was something about which he complained only to the CHRO. So there was no Federal claim made. And I think it's most unfortunate that we all missed it, but that doesn't give the court jurisdiction. With eight seconds left. So I understand that you were abandoning the other claim made in your brief. I am. Okay. Thank you very much. It's wise to abandon the other claim. I agree. I think that counsel's brief is quite persuasive in that regard. Thank you. May it please the court, Melinda Kaufman for the appellees in this matter. I will address some of what my colleague said here. His argument here is that the district court lacks subject matter jurisdiction when it issues summary judgment, but that argument must fail. This case was treated from day one as though it was claims under Title VII. As you've noted, when you have a pro se plaintiff as he was at the time that he filed his complaint, those claims need to be read liberally. He had actually filed an initial complaint that we did not remove because it was so unclear what claims were being brought. The case was not removed to Federal court until he filed his amended complaint in August when he specifically referenced that he was filing it pursuant to an EEOC letter that allowed him to bring the claim in another forum. At that point, that is when we determined that it was most likely bringing Federal claims and we removed it to Federal court. The history here shows that this was indeed dual filed between the CHRO and the EEOC. In Connecticut, there is a work sharing agreement where complaints are automatically filed dually between the CHRO and the EEOC. As I said, in his amended complaint, he specifically referenced that EEOC letter authorizing him to bring the claim. He didn't just reference a CHRO letter allowing him to bring the claim. He clearly pled facts here that made a claim under Title VII. The plaintiff and his attorney treated this case throughout the entirety of the case as though it contained Title VII complaints in them. From the time we did the initial Rule 26F joint filing all the way through summary judgment, everybody had agreed that this had Title VII claims in it. At this point, the plaintiff should not be allowed to turn around and say, no, that was a mistake. I didn't mean to bring Title VII claims, and this should therefore go back to the State court instead of Federal court and let me have it heard over again. I would posit that this is similar to case law that supports the proposition that a plaintiff whose complaint contains both State and Federal claims at the outset cannot withdraw the Federal claims after the complaint has been removed to Federal court in order to defeat that Federal jurisdiction. Just as this court ruled in Touch Concepts, Inc. v. Selco Partnerships, that plaintiffs should not be allowed to forum shop by removing those Federal claims. Would you concede that when plaintiff got a lawyer and it was in Federal court, if that lawyer had said this was an error, it wasn't ever meant, you read the pro se complaint incorrectly, I as his lawyer now tell you immediately that this was not meant to be in Federal court, then this would be a very different case? I would agree with that, Your Honor. If the plaintiff all along, once he had a lawyer, had treated it as being just a State case. And asked and said, you know, we really don't want it. Now, whether there still would be jurisdiction, but only to treat the State case issues or whatever is another matter, whether you could remand and so on, but then there would be a strong argument that it would be wrong to deal with Federal issues when the court had reading a pro se complaint liberally read it that way. But that's not what happened here. Correct, Your Honor. I would absolutely agree with that. If we were at that point, it would have been up to the court to decide at that point, do they remand or do they not, and we would be in a very different situation. However, here we've litigated this for approximately three years. Everybody's saying there are Title VII Federal claims, so to come in today and say to this court we were wrong and it was an error and therefore it needs to be remanded to State court would be a large injustice at this point. I have a lot of time left, being that we've limited our arguments. I do have a question about the abandoned issue. So the defendants named here by the pro se complainant were the City of Hartford and Hartford Public Schools, and the district court decided that the proper defendant was only the Board of Education, correct? Correct. And you represented yourself, I believe, at a deposition as counsel for the Board of Education in responding here and the city filed an answer in which it admitted the allegation that the defendant was his employer, without mention of the Board of Education. The arbitrator's written decision seems to conflate the Board of Education and the public schools, and the termination notice that was received was on the Hartford Public Schools. And yet you took the position that it would be prejudicial to the Board of Education for an amendment to occur. I mean, albeit the judgment would have to be vacated, and there are a lot of reasons why one wouldn't do that at this stage. But I was struck by the repeated inconsistencies in the city's slash public schools slash board's filings, and I wondered if you could explain to me how that could happen. Sure. And actually whether the district court's decision is correct. We do believe that the district's decision is correct because only a board of education under state statute 10-220 can hire or fire a teacher. But the McKinney case is really not so clear. To me, to my reading of it, it says that, yes, those are statutory rights of the Board of Education. The Board of Education acts as an agent of the state, but at the same time, the Board of Education acts as an arm of the municipality as well. So I didn't see that as quite so clear-cut as you made out in your brief. In Connecticut, the board does sort of have a dual role because in some ways they act as an arm of the state. So when they're educating children, when they're doing their core duties that the state constitution requires the state to provide education to children, and then they've delegated that to boards of education. In those situations where they're hiring, firing teachers, things that deal directly with students, then they are acting as an arm of the state. In other ways, they act as an arm of the city. So when you're hiring maybe a janitor, when you're hiring things, when you're buying toilet paper, when you're doing those kind of things that aren't directly related to students, they do indeed sometimes act as an arm of the state. But it's very clear from state statute that only the board, not the city, has the right to hire and fire teachers. Although the Connecticut Supreme Court has said that the professional and nonprofessional employees are employees of the municipality as well and are subject to the valid provisions of the municipal charter. This is in McKinney. Employees of local boards of education are subject to provisions of the town charter and so on. They can be subject to provisions of town charter if it doesn't go against their duties under the state constitution. So there are times when... So it's not in conflict, but they have aligned roles. They do at times have aligned roles. Where does the money come from if there's a judgment? I'm sorry, excuse me. Where does the money come from? Who pays the money if there's a judgment? Is it state funds or city funds or is it a common pool? It would be a common pool because it would come from the board of education's budget. The board of education's budget is made up of numerous things. Certainly some federal funds, some state funds, some city funds. Sometimes there are other funds that get mixed in there. But it comes directly out of their budget. It doesn't come from the city's budget. And you filed no motion to dismiss for lack of service or improper service. You just filed an answer, right, on behalf of the city and the public schools. Correct. We filed an answer. We did not file a motion to dismiss. You didn't raise until the summary judgment motion. Is that right? Do you think that this might have been the wrong defendant? I didn't believe that that was something that was appropriate for a motion to dismiss because if you take it on his face, he stated a claim. He stated that this was his employer. We don't believe that's employer. We believe that's a factual issue. You know, that was a factual issue and he got it wrong. But we didn't believe that that was something that could be the basis for a motion to dismiss to be filed over. So, no, we did not file a motion to dismiss. We didn't feel it was something that was jurisdictional. And the termination notice that he got was on Hartford Public Schools letterhead, correct? It was on Hartford Public Schools letterhead. But if you look at the letter, it specifically says that the Hartford Board of Education voted to terminate your employment. And if you look at the records, I don't believe the document is actually in here, but they were actually voted at at a public board meeting where the Board of Ed itself voted to terminate his employment. All right. Thank you, Your Honors. Thank you very much. Mr. Williams, you have three minutes of rebuttal. Again, I think it's in some ways curious that so much effort was expended by the defendant in addressing the termination issue because the termination issue really wasn't part of this lawsuit. And I think that that's been clear all along. The other thing I wanted to address briefly was the Rule 26F statement on the subject of jurisdiction. You will note from the joint appendix that that was filed exactly three days after my appearance in the case, and it was filed by counsel for the defendant who had prepared it. And in fact, therefore, the only issue between counsel for the defendant and me at the time that I was called upon to take a look at what she had prepared was the schedule. I think it was reasonable to assume that when she represented that the federal court had jurisdiction that it did. And while I understand that the court feels that it was reasonable for the district court to give a broad reading to the complaint, I still have to say that the allegations of the complaint really dealt with state law. State law, although it is similar to Title VII, is not coterminous with Title VII. Indeed, just this last month, the Connecticut Supreme Court unanimously ruled in a case involving United Parcel Service that the provisions of the Fair Employment Practices Act do not exactly track Title VII. There's no question that Connecticut, in any number of questions of civil rights, of other things, ever since Chief Justice Peters was one of the first ones to establish the role of state courts in doing this, often deviates from what the federal one does. Correct. But I don't know that that makes any difference in this case, does it? Well, it seems to me that it makes a difference because the issue of harassment is very different from an issue of termination, and all we're talking about here is harassment. And that deals with workplace conditions, and Connecticut has taken a rather different position about the limitations on workplace harassment than the federal courts have, which is, of course, the right of the state of Connecticut to do. Thank you very much. Thank you. Thank you for your arguments. We will reserve decision.